BWW#: VA-320429

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

IN RE:                                              Case No. 16-60188-RBC
DONNA L STEWART
    Debtor                                           Chapter 13

_____

DITECH FINANCIAL LLC
    Movant

v.

DONNA L STEWART
    Debtor/Respondent
and
IRVIN LESTER STEWART
    Co-Debtor/Co-Respondent
and
HERBERT L. BESKIN
    Trustee/Respondent

---

### AGREED ORDER MODIFYING THE AUTOMATIC STAY AND CO-DEBTOR STAY

    This matter comes before the court on the Motion for Relief from Automatic Stay and Co-Debtor Stay filed on October 10, 2017 (the "Motion") on behalf of Ditech Financial LLC (the "Movant"), by counsel.

    WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $86,000.00 (the "Note"), the payment of which is secured by a Deed of Trust dated December 12, 2006 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 2595 Mt. Airy Rd, Louisa, VA 23093 (the "Property) and more particularly described as follows:

LEGAL DESCRIPTION:
LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS ALL THAT CERTAIN PROPERTY SITUATED IN CITY OF LOUISA IN THE COUNTY OF LOUISA, AND STATE OF VA AND BEING DESCRIBED IN A DEED DATED 05/05/2005 AND RECORDED 05/08/2005 IN BOOK 919 PAGE 798 AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, AND REFERENCED AS FOLLOWS:

ALL THAT CERTAIN LOT OR PARCEL OF LAND WITH ALL RIGHTS AND PRIVILEGES THERETO APPURTENANT, SITUATE, LYING AND BEING IN THE MINERAL MAGISTERIAL DISTRICT OF LOUISA COUNTY, VIRGINIA, ON THE WESTERN SIDE OF STATE ROUTE 644, AND CONTAINING 2.00 ACRES, MORE OR LESS, AND MORE PARTICULARLY DESCRIBED AND SHOWN AS LOT 3B4C ON A CERTAIN "SKETCH SHOWING SUBDIVISION OF LOT 3B4 PROPERTY OF WILLIAM SHIFFLETT" APPROVED BY THE LOUISA COUNTY ADMINISTRATOR ON APRIL 22, 1988, AND RECORDED IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF LOUISA COUNTY, VIRGINIA, IN DEED BOOK 839, AT PAGE 37.

PARCEL NO. 

    WHEREAS, Donna L. Stewart (the "Debtor") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein,

_____
Andrew Todd Rich, VSB# 74296
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (Phone)
*Counsel for the Movant*

NOW THEREFORE, it is hereby

**ORDERED**

that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay and Co-Debtor Stay (the "Agreed Order") are stayed, contingent upon the Debtor's continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1. The Debtor will cure the post-petition arrearage currently due to the Movant through February 1, 2018 in the total amount of $2,745.18, which includes 4 post-petition monthly payments due from November 1, 2017 through February 1, 2018 in the amount of $514.97 each, filing fees of $181.00, attorney's fees of $650.00, and credit for funds currently in suspense in the amount of $145.70, by filing an Amended/Modified Chapter 13 Plan (the "Amended Plan"), which Amended Plan shall incorporate the post-petition arrearage set forth herein and provide that the arrearage will be paid by the Chapter 13 Trustee (the "Trustee"), together with any outstanding pre-petition arrearage, as well as the ongoing direct payments owed to the Movant, commencing with the payment due March 1, 2018. The Debtor shall file the Amended Plan within twenty-one (21) days of the entry of this Agreed Order. After the Amended Plan is confirmed, the Trustee shall be authorized to disburse the additional post-petition arrears to the Movant, and the Movant may file an amended or supplemental proof of claim to include the post-petition arrearage set forth herein.

2. All payments shall be made payable to the Movant at the following address:

    Ditech Financial LLC
    P.O. Box 0049
    Palatine, IL 60055-0049

3. In the event that any payment set forth in this order is not received by the Movant within 15 days after it is due, or if the Debtor does not file the Amended Plan within 21 days of the entry of this order, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a. That the Debtor is in default in making at least one payment required under this order or in timely filing the Amended Plan;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the Debtor or Trustee must take one of the following actions within fourteen

        days after the date of the mailing of the notice of default:
          i. cure the default;
          ii. file an objection with the court stating that no default exists; or
          iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e. That if the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the Debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order, endorsed by the Trustee, terminating the automatic stay.

If the Debtor or Trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

5. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

6. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

IT IS FURTHER ORDERED that if the holder of any other Deed of Trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

IT IS FURTHER ORDERED that upon entry of an order terminating the stay, the Trustee will cease making payments on the Movant's secured claim which were required by the plan. Within 180 days of the entry of an order terminating the stay, the Movant must file an amended unsecured claim for any deficiency (which claim must include documentation proving that the Movant has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) or such claim against the bankruptcy estate shall be forever barred.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Trustee in

writing of the results of any foreclosure sale of the Property conducted by the Movant, and shall pay to the Trustee any excess funds received from that foreclosure sale. Upon payment of the funds as set forth herein, the Movant shall be free of any further duties or responsibilities in regards to the excess proceeds paid to the Trustee.

IT IS FURTHER ORDERED that within 15 days of the date of entry of this order, Debtor's counsel shall file a separate order that directs the Trustee to make ongoing mortgage payments consistent with the terms in this consent order.

IT IS FURTHER ORDERED that the co-debtor stay of §1301(a) is terminated as to Irvin Lester Stewart.

IT IS ORDERED.

Date: January 10, 2018

_/s/ Rebecca B Connelly_
United States Bankruptcy Judge
for the Western District of Virginia
Lynchburg Division
Entered on Docket: _____

**WE ASK FOR THIS:**

*/s/ Andrew Todd Rich*
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
*Counsel for the Movant*

**SEEN AND AGREED:**

*/s/ Yvonne Cochran*
Yvonne Cochran, Esq.
4509 W. Broad Street
Richmond, VA 23220
*Counsel for the Debtor*

**SEEN:**

*/s/ Herbert L. Beskin*
Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902
*Chapter 13 Trustee*

## **CERTIFICATION**

I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay and Co-Debtor Stay has been endorsed by or on behalf of all necessary parties.

                                              /s/ *Andrew Todd Rich*
                                              Andrew Todd Rich
                                              Counsel for the Movant

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902

Yvonne Cochran, Esq.
4509 W. Broad Street
Richmond, VA 23220

Irvin Lester Stewart
2595 Mt Airy Rd
Louisa, VA 23093

Donna L Stewart
2595 Mt. Airy Road
Louisa, VA 23093